```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

MICHAEL YOUNG,

    Plaintiff,

vs.                                            No. 07-2070-B/An

CITY OF COVINGTON,
et al.,

    Defendants.

```
              SECOND ORDER TO COMPLY WITH PLRA
                 ORDER OF PARTIAL DISMISSAL
                            AND
       ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
                 ON THE REMAINING DEFENDANT
```

On January 29, 2007, Plaintiff Michael Young, Tennessee Department of Correction prisoner number 280780, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Court issued an order on May 3, 2007 directing Plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $350 civil filing fee. On May 18, 2007, Plaintiff filed an in forma pauperis affidavit and a copy of his inmate trust fund account statement.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

The Clerk shall record the defendants as the City of Covington[2] and Baptist Memorial Hospital-Tipton (the "Hospital").

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit and an uncertified copy of his inmate trust fund account statement. Although Plaintiff has not submitted a certified trust fund account statement, the information supplied by Plaintiff is sufficient to permit assessment of the filing fee. It is ORDERED that, within thirty (30) days of the entry of this order, Plaintiff file a certified copy of his trust fund account statement for the six months prior to the commencement of this action. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the

---

[2] The Court construes the allegations about the Covington Police Department as an attempt to assert a claim against the City of Covington.

2

account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
      Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II.  Analysis of Plaintiff's Claims

The complaint alleges that, on February 26, 2006, Plaintiff was physically assaulted by three officers employed by the Covington Police Department. He was taken to the Hospital, where he received inadequate medical care. Plaintiff seeks monetary compensation and the firing of the officers involved in the incident.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint does not state a valid claim with respect to one defendant.

Plaintiff has no claim against the Hospital under 42 U.S.C. § 1983, which provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law. "In order to be subject to suit under § 1983, defendant's actions must be fairly attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997). The Hospital is a private entity that was not acting on behalf of the State of Tennessee when it rendered medical care to Plaintiff. <u>Brotherton v. Cleveland</u>, 173 F.3d 552, 567 (6th Cir. 1999) ("A § 1983 plaintiff may not sue purely private parties."). Even if it is assumed that Plaintiff was in custody at the time he was treated, the complaint alleges, at most, medical malpractice, which does not violate the U.S. Constitution. <u>Estelle v. McGuire</u>, 429 U.S. 97, 105-06 (1976); <u>Sanderfer v. Nichols</u>, 62 F.3d 151, 154 (6th Cir. 1995).

Accordingly, the Court DISMISSES the complaint with respect to the Hospital, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for Defendant City of Covinton and deliver said process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R.

Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(8) & (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendant shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendant or on Defendant if it has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 4th day of June, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE